Taxiarchis Hatzidimitriadis
thatz@sulaimanlaw.com
SULAIMAN LAW GROUP
2500 South Highland Avenue, Suite 200
Lombard, Illinois 6048
Telephone: (630) 581-5858
Facsimile: (630) 575-8188
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Perry D. Holmes,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Mountain Run Solutions, LLC d/b/a Perfection Collection LLC, and TransUnion, LLC,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes PERRY D. HOLMES ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD. ("Sulaiman"), complaining as to the conduct of MOUNTAIN RUN SOLUTIONS, LLC d/b/a PERFECTION COLLECTION LLC ("Mountain Run") and TRANSUNION, LLC ("TransUnion") (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.,* for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business within the District of Arizona, and a substantial portion the events or omissions giving rise to the claims occurred within the District of Arizona.

**PARTIES**

4. Plaintiff is a "person" over 18-years-of-age and a "consumer," as defined by 15 U.S.C. §§1681a(b) and (c).

5. Mountain Run "specializes in purchasing non-performing receivables in all industries."[1] Mountain Run identifies itself as a third-party collection agency with its headquarters located at 313 E 1200 S, Suite 102, Orem, Utah 84058. Mountain Run's registered agent in Arizona is located at 300 West Clarendon Avenue, Suite 240, Phoenix, Arizona 85103.  Mountain Run is in the business of collecting consumer debts for others, and is a furnisher of information to the major credit reporting agencies ("CRAs"), including co-Defendant TransUnion.

6. Mountain Run acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

7. TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Arizona.

---

[1] https://mountainrunsolutions.com/

**FACTS SUPPORTING CAUSE OF ACTION**

8. In November 2019, Plaintiff received a letter in the mail from Mountain Run, who was seeking to collect upon a purported debt relating to an alarm system ("subject debt").

9. Plaintiff was confused by Mountain Run's letter, as not only was his last name misspelled as "Homes," but also, Plaintiff never incurred any debt relating to an alarm system.

10. As a result, Plaintiff immediately contacted Mountain Run and requested that it send him validation of the subject debt.

11. Mountain Run subsequently provided Plaintiff with a letter from Monitronics, who, upon information, is affiliated with Brinks Home Security, LLC ("Brinks"), a brand of home and business security systems.

12. As a supplement to that correspondence, Monitronics provided the underlying contract entered into with the original alarm system provider, Pinnacle Security ("Pinnacle"). Upon information, Pinnacle was subsequently acquired by Monitronics.

13. Upon viewing the Pinnacle agreement, Plaintiff was taken aback, as he noticed that the contract was not signed by him, but rather, by "Perry Homes Utah, Inc," (hereinafter referred to as "PHU"), a company located in Murray City, Utah.

14. In addition, the address at which the security services were to be provided was an address that Plaintiff never resided at; and the accompanying identification information, including phone numbers, billing address, and signature, were all attributed to PHU, a business that Plaintiff had no relationship with.

15. At that point, it became clear that Mountain Run was wrongfully attributing the subject debt incurred by PHU, a business, to Plaintiff, an individual consumer, as a result of the similarity in names.

16. Worried that the subject debt may be reporting on his credit file, Plaintiff accessed his consumer credit report provided by Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion, and much to Plaintiff's dismay, TransUnion was reporting the subject debt as an "Open Account," "In Collection," along with a balance of $777 ("subject account").

17. Of the three aforementioned major CRAs, TransUnion is the only agency that has reported the subject debt.

18. Frustrated and confused about Defendants' wrongful reporting, Plaintiff contacted TransUnion and requested that it remove the erroneous subject account, as he was not responsible for the underlying debt.

19. Upon information and belief, Mountain Run received, or should have received, notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with TransUnion. *See* 15 U.S. Code §1681i(a)(2).

20. On or about January 16, 2020, TransUnion responded by failing to reasonably investigate Plaintiff's credit disputes. Specifically, while TransUnion claims to have investigated the information that Plaintiff disputed, TransUnion still verified the information as accurate, as seen below:

**Your Investigation Results**

INVESTIGATION RESULTS - VERIFIED AS ACCURATE: The disputed item was verified as accurate.

PERFECTION COLLECTION LLC #8666**** ( 313 E. 1200 S, 102, OREM, UT 84058, (801) 921-7379 )
We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE. Here is how this item appears on your credit report following our investigation.

| | | |
|---|---|---|
| Placed for collection: 11/07/2019 | Balance: $777 | Pay Status: >In Collection< |
| Responsibility: Individual Account | Date Updated: 12/27/2019 | |
| Account Type: Open Account | Original Amount: $777 | |
| Loan Type: DEBT BUYER | Original Creditor: MONITRONICS BRINKS (Personal Services) | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 10/2022

4

21. Defendants' response was highly upsetting to Plaintiff, so on January 21, 2020, Plaintiff contacted Mountain Run and spoke with a representative named "Holly," who acknowledged that PHU had actually contacted Mountain Run on January 13, 2020 and had acknowledged that they had been paying the subject account for three years.

22. Despite the additional information further demonstrating that Plaintiff was not responsible for the subject debt, Mountain Run and TransUnion remained unwilling to remedy their error.

23. On January 21, 2020, Plaintiff also filed a fraud report with the Murray City Police Department (Case No. 20C001323), as PHU is located in Murray City.

24. Moreover, Plaintiff also filed an Identify Theft Affidavit (Form 14039) with the Internal Revenue Service ("IRS"), and initiated fraud alerts with his bank and the three major CRAs.

25. Due to Defendants' continued failure to remove the erroneous subject account from his credit report, on January 27, 2020, Plaintiff sent a written credit dispute to TransUnion. Specifically, Plaintiff reiterated the facts set forth herein, and clearly articulated that Defendants were confounding PHU with himself and that the subject account needs to be removed from his credit file immediately.

26. Plaintiff sent this dispute letter, along with his identifying information and fraud reports, to TransUnion via U.S. mail.

27. Upon information and belief, Mountain Run received, or should have received, notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with TransUnion. *See* 15 U.S. Code §1681i(a)(2).

28. On or about February 7, 2020, TransUnion responded by stating that, "We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE," as seen below:

5

> **Your Investigation Results**
>
> **INVESTIGATION RESULTS - VERIFIED AS ACCURATE:** The disputed item was verified as accurate.
>
> **PERFECTION COLLECTION LLC** #8666**** ( 313 E. 1200 S, SUITE 200, OREM, UT 84058, (801) 921-7379 )
> We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**. Here is how this item appears on your credit report following our investigation.
>
> Placed for collection: 11/07/2019  Balance: $777  Pay Status: >In Collection<
> Responsibility: Individual Account  Date Updated: 01/31/2020
> Account Type: Open Account  Original Amount: $777
> Loan Type: DEBT BUYER  Original Creditor: MONITRONICS BRINKS (Personal Services)
>
> Remarks: >PLACED FOR COLLECTION<
> Estimated month and year that this item will be removed: 10/2022

29. Through its sustained false reporting of the subject account, TransUnion has disseminated the inaccurate information in Plaintiff's credit file to various persons and credit grantors.

30. TransUnion's reinvestigation reports revealed that Mountain Run intentionally misrepresented to TransUnion that Plaintiff had a business relationship with Mountain Run and/or the original creditor. Mountain Run's misrepresentation and false certification, in conjunction with TransUnion's blatant failure to conduct any investigation into the subject account, resulted in TransUnion releasing Plaintiff's highly confidential and sensitive personal information.

31. Mountain Run accessed and reported on Plaintiff's consumer report without the consent or knowledge of Plaintiff.

32. Defendants both negligently and willfully violated the FCRA by continuing to list an erroneous account on Plaintiff's consumer credit report, despite Plaintiff's multiple disputes and Defendants' knowledge that Plaintiff had no relationship with the subject account.

33. Notwithstanding Plaintiff's disputes, Mountain Run has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being put on notice of erroneous credit information in Plaintiff's credit file from TransUnion.

34. The reporting of the Mountain Run trade line is patently inaccurate and materially misleading given the complete absence of any relationship between Plaintiff and the subject debt.

35. Any reasonable investigation engaged in by TransUnion and/or Mountain Run would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

36. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it erroneously misleads creditors into believing that Plaintiff has outstanding trade-lines that will affect Plaintiff's ability to meet potential future obligations.

37. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

38. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless willfully failed to perform reasonable investigations and reinvestigations of the disputed inaccurate information in Plaintiff's TransUnion credit file as required by the FCRA.

39. Defendants have failed to report the results of its reinvestigations to all CRAs, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

40. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

41. Plaintiff has incurred further out of pocket expenses in connection with acquiring copies of his credit reports, including the purchase of a comprehensive 3-in-1 report in the amount of $39.99.

42. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his TransUnion credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

45. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

46. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

47. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

48. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

49. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

50. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

51. Plaintiff provided TransUnion with all relevant information in his request for investigation to reflect that he was not responsible for the subject account, as he was the victim of fraud.

52. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Mountain Run subject account as an open account, in collections, with a past due balance, when in fact, Plaintiff had no relationship with the subject account, as Defendants were clearly confounding Plaintiff, an Arizona consumer, with PHU, a Utah business.

53. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

54. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

55. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Mountain Run. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to Mountain Run regarding Plaintiff's dispute that TransUnion received from Plaintiff.

56. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

57. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

58. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Mountain Run that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

59. TransUnion violated 15 U.S.C. §1681c-2(a) by failing to block the information pertaining to the subject account within 4 days after Plaintiff notified TransUnion of the identity theft.

60. TransUnion violated 15 U.S.C. §1681c-2(b) by failing to promptly notify Mountain Run that the disputed information may be a result of identity theft and that a block of the disputed information is mandated by 15 U.S.C. §1681c-2(a).

61. TransUnion violated 15 U.S.C. §1681c-2(c) by failing to promptly notify Plaintiff within the timeframe prescribed by 15 U.S.C. §1681i(a)(5(B) that TransUnion has declined to block the disputed information.

62. TransUnion knew that the inaccurate reporting of the subject accounts in Plaintiff's credit files would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities, especially given the high balances of these accounts.

63. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

64. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

65. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

66. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

67. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

68. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually in collections after Plaintiff put TransUnion on notice that he had no relationship with the underlying subject account.

69. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

70. As stated above in paragraphs 36 through 42, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, PERRY D. HOLMES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST MOUNTAIN RUN)

71. Plaintiff restates and realleges paragraphs 1 through 70 as though fully set forth herein.

72. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

73. Mountain Run is a "person" as defined by 15 U.S.C. §1681a(b).

74. Mountain Run is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

75. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

76. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion and Plaintiff.

77. Notwithstanding Mountain Run's knowledge that Plaintiff never signed up for alarm services through Brinks, Monitronics, Pinnacle, or otherwise, Mountain Run still failed to conduct a reasonable investigation of the accuracy of the disputed information it furnished to TransUnion.

78. Mountain Run's conduct demonstrates a reckless disregard for Plaintiff's rights under the FCRA.

79. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by TransUnion and Plaintiff pursuant to §1681i(a)(2).

80. Had Mountain Run reviewed the information provided by TransUnion and Plaintiff, it would have removed the subject account and transmitted the correct information to TransUnion. Instead, Mountain Run wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

81. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes to TransUnion.

82. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

83. Mountain Run violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, Mountain Run continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

84. Mountain Run failed to conduct a reasonable reinvestigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from TransUnion under 15 U.S.C. §1681i(a)(1).

85. Mountain Run violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

86. Mountain Run violated 15 U.S.C. §1681s-2(a)(6)(B) by furnishing the disputed information to TransUnion after it received notice that Plaintiff is a victim of identity theft.

87. Despite the blatantly obvious errors in Plaintiff's credit file, and Plaintiff's efforts to correct the errors, Mountain Run did not correct the errors to report accurately. Instead, Mountain Run wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's consumer reports.

88. A reasonable investigation by Mountain Run would have confirmed the veracity of Plaintiff's disputes.

89. Had Mountain Run taken any steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigations, it would have permanently corrected the erroneous credit reporting. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

90. By deviating from the standards established by the debt collection industry and the FCRA, Mountain Run acted with reckless and willful disregard for their duties as furnishers to report accurate and complete consumer credit information to TransUnion.

91.     As stated above in paragraphs 36 through 42, Plaintiff was severely harmed by Mountain Run's conduct.

WHEREFORE, Plaintiff, PERRY D. HOLMES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Defendants to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: February 26, 2020                    Respectfully submitted,

By: /s/ Taxiarchis Hatzidimitriadis
*Pro Hac Vice Application Pending*
Taxiarchis Hatzidimitriadis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 581-5858
Facsimile: (630) 575-8188
Email: thatz@sulaimanlaw.com