IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry D Holmes,<br><br>    Plaintiff,<br><br>v.<br><br>Mountain Run Solutions LLC, et al.,<br><br>    Defendants. | No. CV-20-00082-TUC-RCC<br><br>**ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

**IT IS ORDERED** that a **Case Management Conference** is set for **Tuesday, July 28, 2020 at 10:00 a.m.** A party may appear telephonically by contacting chambers at 520-205-4542 or by amending the information in the Joint Case Management Report on or before **Wednesday, July 22, 2020.** If counsel for either side anticipates that more than two telephone numbers will necessary to secure the telephonic presence of all participating attorneys, counsel must arrange to host the telephonic hearing and should, in turn, furnish opposing counsel and the Court with the relevant call-in information on or before **Wednesday, July 22, 2020.** In the event of multiple telephonic appearances, the parties' Joint Case Management Report should indicate if counsel for one of the parties will be hosting the telephonic hearing.

A.  Mandatory Initial Discovery Pilot Project

The Court is participating in the Mandatory Initial Discovery Pilot Project ("MIDP"). The MIDP was approved by the Judicial Conference of the United States and

has been implemented in this District by General Order 17-08. The MIDP applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act, and cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation. The discovery obligations under the MIDP supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery. Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the MIDP does not allow parties to opt out. Thus, if your case was filed after May 1, 2017, and does not fall within one of the exceptions identified above, you must comply with the discovery obligations of the MIDP. You should have received a notice regarding the pilot project when your case was filed or you were served, and you should already be complying with the MIDP. Resources related to the MIDP are available on the District Court's website: http://www.azd.uscourts.gov.

B.  Rule 26(f) Meeting and Joint Case Management Report

The parties are directed to **meet and confer at least twenty-one (21) days before the Case Management Conference**. Fed. R. Civ. P. 26(f). At this meeting, the parties shall develop a Joint Case Management Report as detailed below. The parties shall file a **Joint Case Management Report** with the Court **no later than six (6) days prior to the Case Management Conference**. It is the responsibility of the Plaintiff to initiate the Rule 26(f) meeting in preparation of the Joint Case Management Report.  Defendant shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in the preparation of the Joint Case Management Report.

**The parties' Joint Case Management Report shall contain the following information in separately numbered paragraphs:**

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;
2. A list of the parties in the case, including any parent corporations or entities;

3. A short statement of the nature of the case (3 pages or less);

4. The jurisdictional basis for the case, describing the basis for jurisdiction[1] and citing specific jurisdictional statutes;

5. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties or to amend pleadings;

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8. Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference or trial;

9. The status of any related case pending before another court or another judge of Arizona District Court;

10. A discussion of any issues relating to the preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form(s) in which it will be produced, *see* Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 26(f)(3);

11. A discussion of any issues relating to claims of privileges or work product;

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The parties are further reminded that the use of fictitious parties (i.e. "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

12. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;

13. A discussion of the parties' compliance, to date, with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) Joint Report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report;

14. A discussion of necessary discovery. This discussion should follow the December 1, 2015 amendments to Fed. R Civ. P. 26(b)(1) and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition. The parties should consider whether the total number of deposition hours should be set in the case (i.e. a total of 30 hours for each Plaintiff and 30 hours for Defendant). Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses according to the importance and complexity of the deposition-subject;

15. A statement of when each party served their MIDP discovery responses;

16. **Proposed dates for each of the following** (dates in parenthesis are typical deadlines from the date of the Case Management Conference):

    a. **Motions to amend the complaint** and **join additional parties** (three months);

    b. **Disclosure of lay** (four and a half months), **expert** (four months), and **rebuttal expert** (five months) **witnesses** under Fed. R. Civ. P. 26(a)(2);

    c. The completion of all **discovery**, which will also be the deadline for final supplementation of discovery responses under the MIDP[2] (if the parties believe more than six months is required, the parties must explain why extended time is essential);

    d. Filing **dispositive motions** (seven months);

    e. Filing **settlement status reports** (three months and every ninety days thereafter);

    f. Filing **joint proposed pretrial order** (eight months or if dispositive motion is pending, thirty days after the Court rules on dispositive motion).

17. Whether a jury trial has been requested and whether the request for jury trial is contested (if contested, briefly set forth the reasons);

18. The prospects for settlement, including any request of the Court for assistance in settlement efforts (e.g. referral to Magistrate Judge for settlement conference); and

19. Any other matters that will aid the Court and the parties in a speedy, just, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure.

C. <u>Case Management Order</u>

    The Court directs counsel and any unrepresented parties to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Any party that is not represented by counsel shall appear and participate in the Case Management Conference and shall have authority to approve stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause.

    After the Case Management Conference, the Court will enter a Case Management Order. The deadlines set by the Court shall be strictly enforced. The parties should plan their litigation activities accordingly.

---

[2] General Order 17-08 should be reviewed carefully. It requires the parties to timely supplement their MIDP responses as new information is received. Parties that fail to timely disclose relevant information will be precluded from using it in the case and may be subject to other sanctions. Fed. R. Civ. P. 37(c). Parties that unreasonably postpone disclosure of relevant information to the end of the discovery period will also be subject to sanctions.

D. <u>Other Matters</u>

The parties are expected to fully comply with Federal Rule of Civil Procedure 26 and to minimize the expense of discovery. Furthermore, all filings must conform with Local Rules of Civil Procedure 7.1 and 7.2. Failure to do so may lead to sanctions. Fed. R. Civ. P. 16(f).

Dated this 29th day of June, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge