**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry D. Holmes,<br><br>        Plaintiff,<br><br>v.<br><br>Mountain Run Solutions, LLC d/b/a Perfection Collection LLC and TransUnion, LLC,<br><br>        Defendant. | No. 4:20-cv-00082-RCC<br><br>**ORDER** |

Pending before the Court is Plaintiff Perry D. Holmes' Motion for Default Judgement against Mountain Run Solutions ("MRS") for its failure to participate in this lawsuit. (Doc. 13). For the reasons set forth herein, Plaintiff's Motion for Default Judgment (Doc. 13) is **denied without prejudice.**

<u>Background</u>

Plaintiff filed a Complaint on February 26, 2020 alleging violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 1). Plaintiff named TransUnion, LLC ("TransUnion") and MRS as Defendants. *Id.* Plaintiff executed service on both Defendants via process server in early March 2020. (Docs. 6, 7). Defendant TransUnion filed an Answer to the Complaint in mid-March (Doc. 8). To date, Defendant MRS has not made an appearance in this matter. (*See* Docket). On March 30, 2020, the Clerk's Office filed an Entry of Default against Defendant MRS. (Doc. 11). Thereafter, Plaintiff filed the instant Motion for Entry of Default Judgment. (Doc. 13).

Default Judgment Standard

An entry for default judgement by the clerk is undisputable when a party has failed to plead or otherwise defend themselves in a civil lawsuit. Fed. R. Civ. P. 55(a). Thereafter, the Court may enter a default judgement after a party's application. Fed. R. Civ. P. 55(b)(2). Generally, factual allegations of the complaint, apart from the allegations relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The moving party has the burden to prove all damages. *Sprint Nextel Corp. v. Thuc Ngo*, 2012 WL 4127296, at *3 (N.D. Cal. Sept. 18, 2012). The Court may rely on the declarations submitted by the plaintiff. *See id.* In determining whether default judgement is appropriate, the Court takes the following factors into consideration: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Analysis

*Prejudice to the Plaintiff*

The first *Eitel* factor weighs in favor of default judgement because Plaintiff would be prejudiced if the default judgment is denied. MRS was properly served through its registered agent pursuant to Federal Rule of Civil Procedure 4. (Doc. 6). Yet, MRS has neither responded to the Complaint nor requested additional time to do so. If the default judgment is denied, Plaintiff would be denied legal recourse through no fault of its own.

*Merit of the Claim and Sufficiency of the Complaint*

The second and third factors are often analyzed together and require the Court to determine whether the plaintiff has stated a claim on which he may recover. *G&G Closed Circuit Events LLC v. Williams*, No. CV-19-05142-PHX-DWL, 2020 WL 3258738, at *3 (D. Ariz. June 16, 2020).

The second and third *Eitel* factors weigh in favor of default judgment because the factual allegations in the Complaint show that MRS attributed debt that belonged to Perry Homes Utah, Inc. ("PHU") to the Plaintiff, Perry Holmes. (Doc. 1). The allegations in the Complaint also show that Holmes contacted MRS to notify them of the error and MRS failed to properly investigate and remedy the situation. *Id*. Based on Plaintiff's allegations, MRS' failure to remedy the situation meets the standards for violations of 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E), 1681s-2(b)(2), and 1681s-2(a)(6)(B). Thus, Plaintiff has stated a claim on which he may recover.

*Sum of Money at Stake*

The fourth factor also weighs in favor of the default judgment. Generally, "[w]hen the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), report and recommendation adopted, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). Nonetheless, if the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id*. Here, the total sum at stake in this action is $5,347.25. (Doc. 13 at 4). Plaintiff is requesting a moderate amount of damages. The amount in controversy is neither substantial nor excessive. Plaintiff is requesting the amount of his losses and attorney's fees plus $1,000 in statutory damages. There is no indication that Plaintiff is requesting more than what is due. Furthermore, Defendant MRS' failure to appear does not allow this Court to hear any arguments to the contrary. Thus, the fourth *Eitel* factor rests in favor of default judgment.

*Dispute Concerning Material Facts*

The fifth factor, the possibility of a dispute concerning material facts, weighs in favor of default judgment. Defendant MSR has failed to respond or file anything on the docket whatsoever. Therefore, the material facts in this case, as they pertain to Defendant MSR, are undisputed. *Avitan v. Arias*, No. CV1203654MWFVBKX, 2012 WL 12949889, at *2 (C.D. Cal. Oct. 15, 2012) (*quoting Coach Servs., Inc. v. YNM, Inc.*, No. 2:10–CV–

02326–JST (PLAx), 2011 WL 1752091, at *4 (C.D. Cal. May 6, 2011)). Since there is no dispute, this fifth factor supports entry of default judgment.

*Excusable Neglect*

The sixth factor weighs in favor for default judgement because MRS's failure to respond was not due to excusable neglect. MRS knew or should have known of the allegations asserted against them because the registered agent was served. (Doc. 6). MRS was also served via email with a copy of the Motion for Entry for Default Judgment. (Doc. 13). Yet, Defendant MRS has not filed anything. There is no justification in the record to excuse this neglect. Therefore, the sixth *Eitel* factor supports entry of default judgment.

*Policy Favoring Decisions on the Merits*

Finally, the seventh factor weighs in favor of default judgment because Plaintiff attempted to have the case decided on the merits. MRS refused to respond to the Complaint or the Motion for Entry of Default. (Doc. 13). It was up to MRS to respond for the case to be decided on the merits. MRS failed to do so and has forfeited its ability, absent good cause, to be heard on the merits. Consequently, the final *Eitel* factor supports this Court's entry of default judgment.

*Entry of default judgment is improper*

Irrespective of the *Eitel* factors, this case presents a unique situation because Defendant TransUnion responded to the Complaint, but Defendant MRS did not. In instances such as this, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Invest., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). Here, Plaintiff names both TransUnion and MSR as Defendants and mentions them as though they acted together. (Doc. 1). Plaintiff's Complaint is plead in a way that there is no differentiation between the two Defendants, making it appear as though they are jointly liable. Given the appearance of joint liability, this Court will reserve judgment on Plaintiff's Motion for Entry of Default Judgment (Doc. 13) until the matter has been adjudicated as to the sole responding Defendant, TransUnion.

Conclusion

In the interest of the judicial economy and good cause appearing, Plaintiff's Motion for Entry of Default Judgment (Doc. 13) is **DENIED WITHOUT PREJUDICE.** The Clerk of the Court shall docket accordingly.

Dated this 20th day of July, 2020.

_____
Honorable Raner C. Collins
Senior United States District Judge